UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIBERTAD CRUZ,

                          Plaintiff,

              -against-

COSTCO WHOLESALE CORPORATION,
TIAGO HOLDINGS, LLC, EAST RIVER
PLAZA, LLC, and BLUMENFELD
DEVELOPMENT GROUP, LTD.,

                          Defendants.

---

25-cv-4837 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

In August of 2023, Plaintiff Libertad Cruz fell and injured herself at a Costco on East 117th Street in New York City. About a year and change later, Cruz sued Costco Wholesale Corporation, Tiago Holdings, East River Plaza, and Blumenfeld Development in the New York State Supreme Court of Bronx County. Both sides agree that Costco leases its warehouse space from property owner Tiago and that Blumenfeld Development was involved in the management of the property.[1] Cruz is a citizen of New York; Tiago, East River Plaza, and Blumenfeld Development are too.

On May 27, 2025, Cruz stipulated to the dismissal of Tiago, East River, and Blumenfeld without prejudice. Shortly thereafter, on June 4, 2025, Costco informed Cruz of its intention to remove the suit to federal court. Two days later, Cruz sought to recommence the state court action against Tiago, East River, and Blumenfeld and join them again to her ongoing state court suit against Costco. On June 9, 2025, Costco filed a notice of removal. Cruz's motion for joinder in the state court action was denied as moot.

Cruz then filed a motion to join Tiago, East River, and Blumenfeld in this Court, together with three other entities she claims are implicated in the control and maintenance of the premises where she was injured: FC East River Associates LLC, RRG East River LLC, and DWD Associates LLC. Dkt. 11. Cruz also seeks to remand this case back to state court under 28 U.S.C. § 1447. Indeed, if the Court determines joinder is proper, it would destroy diversity and require this case to be remanded. *See Jerido v. Uber Techs., Inc.*, 2022 WL 17986179, at *3 (S.D.N.Y. Dec. 29, 2022); *see also* 28 U.S.C. § 1447(e).

Cruz's motion is GRANTED. Costco argues that Cruz knows that the other proposed defendants have nothing to with this case—that's why Cruz dismissed them from the state court action—and that the present motion is a transparent attempt at fraudulent joinder of parties "with no real connection with the controversy." *Pampillonia v. RJR Nabisco*, 138 F.3d 459, 460–61 (2d Cir. 1998). However, Costco has not met its "heavy burden of proving fraudulent joinder." *Id.* at 461 (noting that "all factual and legal issues must be resolved in favor of the plaintiff"). A

---

[1] Cruz also says that East River Plaza was involved in the management of the property; Costco doesn't address this argument. East River has defaulted in the state court action. *See* Dkt. 13-6.

defendant "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* (footnote omitted).

Costco doesn't argue there is outright fraud in Cruz's pleadings. Nor has Costco shown that there's no possibility of Cruz asserting a cause of action against Tiago, East River Plaza, and Blumenfeld Development. *See Castillo v. BJ's Wholesale Club*, 645 F. Supp. 3d 85, 94–95 (E.D.N.Y. 2022). "Under New York state law, an out-of-possession property owner is not liable for injuries that occurred on the property unless the owner retained control over the property or is obligated by contract to perform repairs or maintenance." *Id.* (internal quotations omitted). "For such an exception to apply, however, the property owner must have completely parted with the control of the building." *Id.* (internal quotations omitted). Cruz says that further discovery could turn up that the non-diverse proposed defendants were still responsible for the area where Cruz fell.

Costco relies on portions of a lease agreement allegedly showing that it was solely responsible for the area where Cruz's accident happened, as well as an affidavit from a current Costo employee who claims the same. *See* Dkts. 14-1, -2. But as Cruz points out, the lease Costco has submitted is missing at least fifty pages, including the signature page. *See* Dkt. 14-2. What's more is that the portions of the lease Costco *did* submit indicate that proposed non-diverse defendants—such as landlord Tiago and management company Blumenfeld—could have been involved, at some point, in inspecting, maintaining, or repairing the area where Cruz fell. *See, e.g.*, Dkt. 14-2 at 17 ("Subject to the provisions of Articles 12 and 13, Landlord [Tiago] shall be responsible for performance of all repairs necessitated by defective construction respecting Landlord's Work, and otherwise shall maintain and make all necessary repairs and replacements in and to the Premises and Shopping Center . . . ."). These provisions also undercut any weight the Court might give the affidavit submitted. As a result, the Court cannot conclude that there is no possibility of Cruz asserting a claim against non-diverse proposed defendants in state court. *See Castillo*, 645 F. Supp. at 92–95.

The Court next "weigh[s] the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation." *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) (quoting *Wyant v. Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 922 (S.D.N.Y. 1995)). "[D]iversity-destroying joinder is appropriate only when consistent with principles of fundamental fairness as appraised using the following factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Linzy v. Uber Techs., Inc.*, 2022 WL 1556972, at *3 (S.D.N.Y. 2022) (quoting *Knowyourmeme.com Network v. Nizri*, 2021 WL 3855490, at *6 (S.D.N.Y. 2021)).

Joinder of the non-diverse proposed defendants is fundamentally fair under section 1447(e). The first factor—delay in seeking joinder—weighs in favor of Cruz. She filed her motion for joinder and remand in this Court less than one month after Costco's notice. *See Hunt v. Stryker Corp.*, 2004 WL 502186, at *2 (S.D.N.Y. 2004) (finding "[n]o delay" where the plaintiffs moved to join non-diverse defendants less than four weeks after removal); *Smith v. Nkomarume*, 2018 WL 4660362, at *4 (S.D.N.Y. 2018) ("Courts in this district have held that a two- or three-month delay is not so long as to weigh against joinder."). The second factor—prejudice to the defendant—also weighs in Cruz's favor, because there has been no discovery in this case. *See Smith*, 2018 WL

4660362, at *6 ("[N]o prejudice to the defendant should be found where the case is still in its preliminary stages and discovery is ongoing." (internal quotation omitted)). The third factor—likelihood of multiple litigation—goes Cruz's way as well, because she would need to sue the non-diverse proposed defendants in state court if her motion is denied. *See Corona Grp., LLC v. Park*, 2022 WL 16838191, at *5 (S.D.N.Y. 2022) ("[P]arallel litigations in state and federal court risk inconsistent outcomes and represent a waste of resources."). The fourth factor—the plaintiff's motivation—is unclear. Costco claims it is "obvious" that Cruz wants to rejoin additional defendants to destroy diversity. Dkt. 15 at 8. And it's true that Cruz's actions suggest gamesmanship: she first attempted to rejoin Tiago, East River, and Blumenfeld only two days after learning that Costco intended to remove the case. But where, as here, the "plaintiff identifies legitimate reasons to join a nondiverse defendant, those motivations are not necessarily overcome by identifying a possible additional, gamesmanship-based rationale for joinder." *Corona Grp., LLC*, 2022 WL 16838191, at *5.

Having resolved "all factual . . . issues" in favor of Cruz, *Pampillonia*, 138 F.3d at 461, the Court is satisfied that joinder and remand would "comport with principles of fundamental fairness," *Wagley v. JP Morgan Chase Bank, N.A.*, 2019 WL 13223235, at *4 (S.D.N.Y. 2019) (quoting *Hosein v. CDL W. 45th St., LLC*, 2013 WL 4780051, at *4 (S.D.N.Y. 2013)). Because joinder is proper and divests the Court of diversity jurisdiction, this case is remanded to the Supreme Court of the State of New York, Bronx County.

The Clerk of Court is directed to terminate the motion at Dkt. 11 and close this case.

SO ORDERED.

Dated: September 18, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

3